## SUPREME COURT.

ALGERNON S. SULLIVAN, public administrator in the city of New York, as administrator of the goods, chattels, &c., of HENRY ADAMS, deceased, agt. ISAIAH C. BABCOCK *et al.*

*Trust deed — validity of, to be tested by the law of the state where it was executed and where the grantor lived and died — That the statutes of another state in relation to trusts are identical cannot be assumed, but must be alleged and proved.*

The decedent, who was a resident of New Jersey and died there, about a year before his death executed an instrument giving his real estate, situated in New York and New Jersey, and all his personal property, to defendants, in trust, to pay annually certain sums to his children, with other provisions. The grant was not to take effect until the death of the grantor, and was subject to revocation, modification and alteration at his pleasure. The defendants, under this instrument, took possession of certain personal property of decedent in this state. Plaintiff, as public administrator (in default of other letters of administration), brings this action to recover such property, setting up the instrument and asserting its invalidity, and alleging that decedent retained possession of the property until his death, and did not assign or deliver the same to defendants.

*Held* (overruling demurrer to complaint), that the instrument should be tested by the law of New Jersey, where it was executed, and where the grantor lived and died; and such instrument being invalid under the common law, and as it cannot be assumed that the statutes of New Jersey in relation to trusts are identical with those of this state, the facts set forth in the complaint establish a cause of action.

*Special Term.*

Sullivan agt. Babcock *et al.*

*Everett P. Wheeler*, for plaintiff.

*F. B. Van Vorst*, for defendant.

LARREMORE, *J.*— The camplaint alleges that Henry Adams, a resident of the state of New Jersey, on June 1, 1874, executed a certain instrument whereby (in consideration of love and natural affection for his children), and of the sum of one dollar, conveyed, released and confirmed unto the defendants, their heirs and assigns forever, certain real estate in the states of New Jersey and New York, together with all his personal property, upon certain trusts.

To pay his just debts, to allow his son Alonzo reasonable use of the house room and household furniture in his mansion-house and the homestead farm attached thereto so long as he shall work the same to advantage, provided the grantor shall continue the owner of such farm at the time of his decease, and with further provision in case his said son should be deprived of the use and occupation thereof.

To pay annually to his other children certain stipulated amounts, as therein provided.

In further trust, that such grant is not to take effect until the death of the grantor, and then to embrace all real estate and personal property of which he should then be seized and possessed, subject, however, to such change, alteration, sale or disposition of the same as had been made. The trustees are authorized to take charge and control of his property at his death, and to manage, control and sell the same in their discretion. The grant was subject to revocation, modification and alteration at the pleasure of the grantor. He died February 5, 1875, in the state of New Jersey.

It is further alleged that he retained in his own possession, up to the time of his death, all of his personal property (including that in controversy), and exercised acts of dominion thereover, and did not assign or deliver the same to the defendants herein. That subsequent to his death certain

Sullivan agt. Babcock *et al.*

bonds, stocks and other personal property of his were within the county of New York unadministered upon, and that the plaintiff, by the authority of his appointment by the surrogate of said county (in default of other letters of administration), is entitled to the possession of such property, and to an accounting for the value thereof.

The defendants interposed a general demurrer to the complaint, and the question to be determined is the validity of the trust deed as to the personal property now in this county.

As the instrument was executed in New Jersey, where the grantor lived and died, it would appear that its validity should be tested by the law of that state (*Story's Conflict of Laws*, *sec.* 283).

It purports to convey a present estate in property, to begin in future, subject to the absolute ownership of the grantor, with a reservation and power of appointment to new uses, and of revocation. Such a grant would have been invalid under the common law, and can only be sustained by the authority of the statute.

We cannot assume that the statutes of New Jersey in relation to trusts are identical with those of this state (*McCullough* agt. *Norwood*, 58 *N. Y.*, 567). That fact must be alleged and proved in behalf of one claiming its benefit.

The conceded facts, as stated in the complaint, establish a cause of action, and the demurrer should be overruled, with leave to answer on payment of costs.